The United States District Court For The
Western District of Louisiana
Shreveport Division

| | | |
|---|---|---|
| Roddrick Bratton | § | |
| | § | |
| vs. | § | C.A. No. 5:13-CV-3016 |
| | § | |
| The Kansas City Southern Railway Company | § | Jury Trial Demanded |
| | § | |

## Complaint

To The Honorable Judge of Said Court:

Comes Now Roddrick Bratton, complaining of The Kansas City Southern Railway Company (herein after referred to as "KCS") for cause of action would show unto this Honorable Court as follows:

### Parties

1. Plaintiff, Roddrick Bratton, is a railroad worker and a resident and citizen of the State of Louisiana.

2. Defendant KCS is a foreign corporation which resides in and is subject to personal jurisdiction in the Western District of Louisiana in that it has regular and systematic contact with this District. Service of process may be had upon Defendant KCS by serving its registered agent C. T. Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.

3. At all times mentioned in this complaint, Defendant KCS was a common carrier by railroad engaged in interstate commerce through and between the several states. At all relevant times, Mr. Bratton was employed by Defendant KCS to further those activities.

### Venue and Jurisdiction

4. Plaintiff's rights and remedies against Defendant KCS arise under the Federal

Employers' Liability Act, 45 U.S.C. §51 *et seq.*, this court has jurisdiction in this case pursuant to Federal Employers' Liability Act, 45 U.S.C. §51, *et seq*.

5. Venue is proper in this matter pursuant to the terms of Title 28 U.S.C. §1391(b)(1-2) in that the cause of action arose in the Western District of Louisiana and Defendant resides in the Western District of Louisiana and has regular and systematic contacts with this District and the cause of action arose in this district and division.

## FELA Cause of Action

6. On or about July 30, 2013, Plaintiff was working for Defendant KCS when he suffered a severe and debilitating injury. More specifically, Mr. Bratton suffered a severe injury to his back, pelvis, hip, ankle and other parts of his body when the train on which he was working on collided with another KCS train.

7. The injury to Plaintiff was due in whole or in part to the negligence of Defendant KCS, its agents, servants or employees acting in the course and scope of their employment. Defendant KCS had a duty to provide Plaintiff with a safe place to work. Defendant KCS breached this duty causing Plaintiff's injuries. Specifically, but without limitation, Defendant KCS failed to provide Plaintiff with a safe place to work; failed to warn; failed to safely inspect, repair, and maintain; failed to establish and enforce proper safety procedures; failed to provide adequate manpower; failed to properly instruct, train and supervise; and failed to follow applicable rules, dispatching rules, regulations, codes and industry standards.

## Defendant KCS' Violations of Federal Railroad Statutes and Regulations

8. The injury to Plaintiff was due in whole or in part, to Defendant's violation of federal safety statutes and regulations including, but not limited to, the Federal Railroad Safety Act. More

specifically, KCS violated statutes and regulations including but not limited to, 49 C.F.R. 214, 49 C.F.R. 217, 49 C.F.R 218, 49 C.F.R. 220, 49 C.F.R. 229, 49 C.F.R. 240, and KCS' safety and operating rules. KCS' statutory and regulatory violations amount to negligence as a matter of law and caused the injuries and damages discussed herein. 49 U.S.C. § 53-54a.

### Damages

9. As a legal result of Defendant's negligence and wrongdoing, Mr. Bratton has suffered serious injuries and impairment to his body. These injuries have had a serious effect on Mr. Bratton's health and well being.

10. Because of the nature and consequences of his injuries, Mr. Bratton has suffered great physical and mental pain, suffering and anguish in the past and future.

11. At the time of the incident complained of, Mr. Bratton was gainfully employed. Mr. Bratton has lost wages and benefits in the past and will have a loss of future earning capacity.

12. As a further result thereof, Mr. Bratton has incurred expenses for medical care and attention, such as physicians' fees, medical supplies, appliances, medicine, hospitalization and nursing service in the past and future. These expenses were incurred for necessary care and treatment of the injuries resulting from the incidents complained of above. The charges for the said expenses were reasonable and they were the customary charges made for such services in the area in which they were rendered.

13. As a further result of the injuries sustained by Mr. Bratton, he will, within reasonable medical probability, incur future expenses for his medical care and attention.

14. As a result of the incident complained of herein, Mr. Bratton has suffered in the past and, within reasonable medical probability, will continue to suffer in the future from physical

3

impairment and disfigurement past and future.

## **Prayer**

WHEREFORE, PREMISES CONSIDERED, Mr. Bratton requests that Defendant be summoned to appear and answer, and that upon final trial, judgment be rendered against Defendant, in excess of SEVENTY-FIVE THOUSAND AND NO/100THS DOLLARS ($75,000.00), exclusive of interest and costs, prejudgement interest, plus post-judgment interest at the legal rate from Defendant, and for all costs of court. Mr. Bratton would further pray for any such other relief, both at law and in equity, to which he may show himself justly entitled.

**PLAINTIFF DEMANDS A JURY TRIAL**

Respectfully submitted,

/s/ Bristol Baxley
Bristol Baxley, La. Bar No. 30199
Rome, Arata & Baxley, L.L.C.
9307 Broadway, Ste. 309
Pearland, Texas 77584
281-993-0000
281-993-0035 Fax

ATTORNEY FOR PLAINTIFF