RECEIVED
JAN 2 8 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| RODDRICK BRATTON | CIVIL ACTION NUMBER 13-3016 |
| versus | JUDGE DONALD E. WALTER |
| THE KANSAS CITY SOUTHERN RAILWAY COMPANY | MAGISTRATE MARK HORNSBY |

## MEMORANDUM RULING

Before the court are two motions for partial summary judgment, one filed by the plaintiff, Roddrick Bratton ("Bratton"), and one filed by the defendant, The Kansas City Southern Railway Company ("KCS"). See Record Documents 23 and 36. For the reasons set forth herein, Bratton's motion is **GRANTED IN PART** and **DENIED IN PART**, and KCS's motion is **GRANTED**.

## I. BACKGROUND

On July 30, 2013, a two-train collision and derailment occurred when a southbound KCS train crashed into a stopped KCS train. Bratton was the assigned locomotive engineer of the moving train and Christopher Biggs ("Biggs") was the assigned conductor. At the time of the collision, however, Biggs was operating the

locomotive as engineer.[1] The moving train consisted of two locomotives and more than seventy rail cars.

The route of the train from Heavener, Oklahoma, to Shreveport, Louisiana, required that signals located near the track govern the movement of trains. The train traveled without incident until it reached an area near Vivian, Louisiana, where it encountered a yellow approach signal. Pursuant to KCS rules, a yellow signal requires that a train must "[p]roceed immediately reducing speed to 35 MPH, and be prepared to stop at next signal." Record Document 36, Ex H at 9.1.6. Rather than following this requirement, Briggs allowed the train to continue past the yellow signal at 43 miles per hour.

The next signal encountered by Briggs was a red, restricting signal. Pursuant to KCS rules, a red, restricting signal requires that a train "[p]roceed at restricted speed." Id., Ex. H at 9.1.8. "Restricted speed" is defined in the General Code of Operating Rules ("GCOR") number 6.27:

> When required to move at restricted speed, movement must be made at a speed that allows stopping within half the range of vision short of:

---

[1]KCS's rules permit the engineer of a train to switch positions with the conductor, if the conductor is a certified locomotive engineer and qualified on the territory. Biggs was certified and qualified. However, the engineer retains the duty to closely supervise the conductor's operation of the locomotive. See Record Document 36, Ex. D.

- Train.

- Engine.

- Railroad car.

- Men or equipment fouling the track.

- Stop signal.

or

- Derail or switch lined improperly.

> When a train or engine is required to move at restricted speed, the crew must keep a lookout for broken rail and not exceed 20 MPH.
>
> Comply with these requirements until the leading wheels reach a point where movement at restricted speed is no longer required.

Id., Ex. L at 6.27.

Video from the train, the event recorder printout and deposition testimony confirm that the train continued operating beyond the red, restricting signal at approximately 33 miles per hour. Id., Ex. A at 72, Ex. I, Ex. C. The train continued at approximately 33-34 miles per hour until a stationary southbound train was observed to the south. Upon observing the stationary train, the emergency brake was applied but a collision was unavoidable. Bratton jumped from the moving locomotive and Biggs remained onboard. Bratton asserts that he suffered a fractured pelvis, a

fracture to his low back and herniated discs in his neck.

A formal investigation of the collision was conducted and, on October 30, 2013, a hearing was held pursuant to a collective bargaining agreement. On November 9, 2013, Bratton and Biggs were terminated due to violations of numerous KCS rules and regulations.

Thereafter, Bratton filed the instant lawsuit. See Record Document 1. His amended complaint states causes of action under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 et seq, for negligence, and under the Federal Railroad Safety Act ("FRSA"). See Record Document 15. Thereafter, Bratton filed a motion for partial summary judgment, seeking a determination that (1) KCS violated 49 C.F.R. § 240.305(a)(2); (2) KCS's violation of 49 C.F.R. § 305(a)(2) establishes KCS's negligence and bars KCS's claim of Bratton's comparative negligence; and (3) KCS's violation of 49 C.F.R. § 240.305(a)(2) was a cause of Bratton's injury. See Record Document 23 at 5-6. KCS later filed its own motion for partial summary judgment, requesting that the court reject Bratton's argument regarding comparative negligence and instead find that KCS's defense of Bratton's comparative negligence is not barred as a matter of law.[2] KCS also seeks summary judgment "as to all other

---

[2] KCS also filed a motion to strike and motion in limine, seeking to strike and exclude the affidavit, report and testimony of Lawrence Mann ("Mann") attached to Bratton's motion for partial summary judgment, on the grounds that

alleged violations of other regulations asserted" in Bratton's complaint. Record Document 36 at 2.[3]

## II. LAW AND ANALYSIS

### A. Summary Judgment And Partial Summary Judgment Standard.

Federal Rule of Civil Procedure 56(a) provides, in pertinent part:

> (a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

---

Mann, a FELA plaintiffs' attorney and a Railworkers' Union attorney, offers legal opinions and conclusions in violation of Federal Rules of Evidence 401 through 403 and 702. See Record Document 46. Furthermore, both Bratton and KCS lodged objections to each other's exhibits that were attached to the motions for partial summary judgment. See Record Documents 45 and 48. This court is aware of Rule 56's admonition that only admissible evidence may be considered in ruling on a summary judgment motion. See Stults v. Conoco, Inc., 76 F.3d 651, 654-55 (5th Cir. 1996). The court—fully cognizant of the evidentiary standards—will consider Mann's affidavit, report and testimony, and the exhibits attached to the motions, giving the statements and exhibits due weight and appropriately discounting any improper statements and evidence. Therefore, KCS's motion to strike is **DENIED AS MOOT** and both parties' objections to exhibits are **OVERRULED AS MOOT**.

---

[3] Bratton has conceded that "the claims at issue relate to [KCS's] violation of 49 C.F.R. [§ 240]" and withdrew "claims under other regulations." Record Document 54 at 6. Accordingly, KCS's motion for partial summary judgment is **GRANTED** to the extent it seeks dismissal of claims against it under regulations other than 49 C.F.R. § 240.305.

Fed. R. Civ. P. 56(a).[4] "A partial summary judgment order . . . is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." F.D.I.C. v. Massingill, 24 F.3d 768, 774 (5th Cir. 1994). Partial summary judgment serves the purposes of narrowing, simplifying, and focusing the issues for trial. See Calpetco 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1415 (5th Cir. 1993). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). The Fifth Circuit has cautioned that

---

[4] The Advisory Committee Notes reflect that subsection (a)'s heading and text were amended in 2010 to clarify that "summary judgment may be requested not only as to an entire case but also as to a claim, defense, or part of a claim or defense." Fed. R. Civ. P. 56(a) and Advisory Committee Notes.

"conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002).[5]

## B. 49 C.F.R. § 240.305–Was It Enacted For The Safety Of Employees?

The FELA was enacted, in part, to address "the special needs of railroad workers who are daily exposed to the risks inherent in railroad work and are helpless to provide adequately for their own safety." Sinkler v. Mo. Pac. R.R. Co., 356 U.S. 326, 329, 78 S. Ct. 758 (1958). Bratton's complaint alleges a cause of action for negligence under the FELA. The FELA provides that

> Every common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in commerce . . . for such injury . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

45 U.S.C. § 51. The FELA is the exclusive remedy for a railroad employee who

---

[5]However, the Fifth Circuit has described the plaintiff-employee's burden of proof in a case under the FELA as "featherweight" and held that such claims should only be dismissed on summary judgment "when there is a complete absence of probative facts supporting the plaintiff's position." Howard v. Canadian Nat'l / Ill. Cent. R.R., 233 F. App'x 356, 357 (5th Cir. 2007)(internal quotations omitted).

suffers an injury that is caused by a railroad employer's negligence. See Huffman v. Union Pac. R.R., 675 F.3d 412, 416 (5th Cir. 2012); Lane v. R.A. Sims, Jr., Inc., 241 F.3d 439, 442 (5th Cir. 2001). Under the FELA, railroads are "charged with providing a reasonably safe work environment for its employees." Huffman, 675 F.3d at 417.

Title 45, United States Code, section 53, which addresses liability for injuries to employees and, specifically, contributory negligence, provides:

> In all actions . . . brought against any such common carrier by railroad under or by virtue of any of the provisions of this chapter to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee: *Provided*, That no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee.

45 U.S.C. § 53 (emphasis in original). Therefore, an employee's recovery under FELA may be diminished in proportion to the employee's contributory negligence unless "the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee." Neal v. Saga

Shipping Co., S.A., 407 F.2d 481, 485 (5th Cir. 1969) (quoting 45 U.S.C. § 53). Bratton asserts that KCS violated 49 C.F.R. § 240.305, and that this regulation is a statute "enacted for the safety of employees" within the meaning of 45 U.S.C. § 53 so as to prevent KCS from asserting his contributory negligence. KCS requests that this court reject Bratton's argument and allow the jury to consider Bratton's contributory negligence. In doing so, KCS asserts that 49 C.F.R. § 240.305 was not "enacted for the safety of employees" within the meaning of 45 U.S.C. § 53. Accordingly, the central issue before the court is whether 49 C.F.R. § 240.305 was "enacted for the safety of employees" within the meaning of 45 U.S.C. § 53 so as to preclude the contributory negligence of Bratton.

The regulation at issue, 49 C.F.R. § 240.305, reads, in pertinent part:

> It shall be unlawful to: . . . (2) Operate a locomotive or train at a speed which exceeds the maximum authorized limit by at least 10 miles per hour. Where restricted speed is in effect, only those violations of the conditional clause of restricted speed rules (i.e., the clause that requires stopping within one half of the locomotive engineer's range of vision), or operational equivalent thereof, which cause reportable accidents or incidents under part 225 of this chapter, shall be considered instances of failure to adhere to this section[.]

49 C.F.R. § 240.305(a)(2). Part 240 of the Code of Federal Regulations is entitled "Qualification and Certification of Locomotive Engineers." Section 240.305

addresses "Prohibited conduct" and falls under subpart D, entitled "Administration of the Certification Programs." Section 240.1, which is entitled "Purpose and scope" provides in parts (a) and (b) that "[t]he purpose of this part is to ensure that only qualified persons operate a locomotive or train" and to "prescribe[] minimum Federal safety standards for the eligibility, training, testing, certification and monitoring of all locomotive engineers to whom it applies." 49 C.F.R. § 240.1(a) and (b).

KCS argues that the text of 49 C.F.R. § 240.305, the title of Part 240, and the stated purposes do not support the argument that the regulation was "enacted for the safety of employees" within the meaning of 45 U.S.C. § 53. In support of its argument, KCS cites to two district court cases—one from the Eastern District of Louisiana and one from the Southern District of West Virginia —where courts concluded that, despite a violation of 49 C.F.R. § 240.305 by the employer, the defense of contributory negligence was still available. See Bowie v. New Orleans Pub. Belt R.R., No. 11-755, 2012 WL 4344548 (E.D. La. Sept. 21, 2012); Koger v. Norfolk S. Ry. Co., No. 1:08-0909, 2009 WL 3242068 (S.D. W. Va. Oct. 2, 2009).[6] In both of these cases, the court concluded that 49 C.F.R. § 240.305 was not enacted

---

[6] KCS also cites Correll v. Consolidated Rail Corporation, 266 F.Supp.2d 711 (N.D. Ohio 2003). Correll concluded that despite a violation of 49 C.F.R. § 240.305 being negligence *per se*, the carrier could still argue the negligence of the employee and the employee must still prove proximate cause, injury and damages.

for the safety of employees. See Bowie, 2012 WL 4344548 at *3-*4; Koger, 2009 WL 3242068 at *3.

In Bowie, the plaintiff was working as a conductor. He alleged that the locomotive on which he was working was traveling at an excessive rate of speed in violation of 49 C.F.R. § 240.305, which resulted in injury. The Bowie court determined that the plaintiff's claim under the regulation was "not a strict liability claim as a matter of law." Bowie, 2012 WL 4344548 at *3. The court specifically noted that the issue before it was "whether 49 C.F.R. § 240.305 is a statute 'enacted for the safety of employees' within the meaning of 45 U.S.C. § 53." Id. The court then reviewed the text, title and purpose of the regulation. The court also noted that "[t]he Secretary of Transportation has on occasion explicitly designated when a particular railroad regulation was enacted in order to protect employees." Id. at *4. The Secretary of Transportation has not explicitly designated this regulation as enacted for the safety of employees, and the Bowie court considered this as a factor. The court further concluded that for it to find that the statute was enacted for the safety of employees "would be to read language into the regulation and thereby thwart Executive and Congressional intent as well as the plain language of the text."

Id.[7] The court ultimately concluded that "the better argument appears to be that 49 C.F.R. § 240.305 is not an employee safety statute within the meaning [of] 45 U.S.C. § 53." Id.

In Koger, a locomotive derailed when it ran a red signal and allegedly caused damage to the plaintiff, who was a conductor. The plaintiff argued that the defendant had violated, inter alia, 49 C.F.R. § 240.305. The plaintiff contended that the defendant's violation of 49 C.F.R. § 240.305 barred the defense of comparative negligence, but the Koger court did not agree. See Koger, 2009 WL 3242068 at *3. The court noted that there was "no case law in support of plaintiff's position that 49 C.F.R. § 240.305 was enacted for the safety of employees and the legislative history does not support plaintiff's argument. . . ." Id. The court concluded that "[t]he aforementioned regulation is not a statute 'enacted for the safety of employees.'" Id.

In support of his argument, Bratton identifies a number of federal district court cases where the courts held, in contrast, that a violation of 49 C.F.R. § 240.305 prevents the possibility of contributory negligence on the part of the employee. See

---

[7] The court also discussed the caselaw that was argued by the parties and distinguished the cases that were cited by the plaintiff, some of which are cited by Bratton in the instant case, including Fresquez and Waggoner. See infra at 13-15. The Bowie court noted that in both Fresquez and Waggoner, "the court reached its decision with little or no analysis of the text of 49 C.F.R. § 240.305 or the regulation's legislative history." Bowie, 2012 WL 4344548 at *4 n.2.

Fresquez v. Nat'l R.R. Passenger Corp., 2004 WL 724459, No. 2:02-CV-1166 (D. Utah Feb. 25, 2004); Waggoner v. Ohio Cent. R.R., Inc., 2007 WL 4615788, No. 2:06-CV-250 (S.D. Ohio Dec. 31, 2007); Richardson v. BNSF Ry. Co., 2014 WL 347047, No. 13-5415 (E.D. La. Jan. 28, 2014); Moehnke v. Union Pac. R.R. Co., 5:09-CV-1177, Dkt. No. 36 (W.D. Okla. 2010)(unpublished). These courts concluded that any argument that the plaintiff was guilty of contributory negligence was barred pursuant to 45 U.S.C. § 53.

In Fresquez, the plaintiff contended that the operator of a train failed to follow 49 C.F.R. § 240.305(a)(1) regarding stopping for a red signal. The court, without analysis, concluded that the plaintiff had "presented evidence that Amtrak, through its employee McMillen, violated a safety rule deemed to be statute within the meaning of § 53" and that since the defendant had failed to show that there was an issue of fact on the violation, the plaintiff was entitled to judgment as a matter of law that the defendant Amtrak was negligent and "that § 53 therefore precludes his own alleged contributory negligence from being considered in awarding damages." Fresquez, 2004 WL 724459 at *3.[8] Notably, this conclusion was reached without any discussion of the regulation or of relevant caselaw. See id.

---

[8] The court's opinion on the issue contains two paragraphs on the subject, much of which is a recitation of the plaintiff's argument.

13

In Waggoner, the plaintiff filed a motion asking the court to modify a portion of a memorandum order which stated that it made "no determination . . . of whether Plaintiff's own negligence also contributed to his injuries." Waggoner, 2007 WL 4615788 at *1. The plaintiff argued that since 49 C.F.R. § 220.49 and 49 C.F.R. § 240.305(a)(2) were "clearly enacted for the safety of employees and their violation contributed to his injuries, any contributory negligence on his part does not come into play and cannot be used to reduce any damages to which Plaintiff might be entitled." Id. As in Fresquez, the court concluded, without analysis, that the plaintiff's negligence could not be considered.[9]

In Richardson, the court was faced with a motion to dismiss filed by the defendant railroad. The plaintiff had filed suit after he stepped in a hole and injured

---

[9]The entirety of the court's analysis on the issue was a sentence stating that "[t]he Court agrees" following the plaintiff's argument quoted above. The only other statement addressing the issue contained in the opinion arose towards the conclusion, where the court summarily stated:

> The Court, however, has already held that Plaintiff's injuries were caused, at least in part, by OCR's violation of the safety regulations. Therefore, pursuant to 45 U.S.C. § 53, even if Plaintiff were partially to blame for the accident, his negligence cannot be considered by a jury, and damages cannot be apportioned.

2007 WL 4615788 at *2.

his back while walking in the track-side area performing trainman duties.[10] The court did "not find it appropriate to dismiss the strict liability claim on a Rule 12(b)(6) motion to dismiss" and concluded that the matter was more appropriate for a motion for summary judgment. Richardson, 2014 WL 347047 at *1. The court, however, did not appear to address the argument that the violation of any statutory or regulatory duty bars a defense of contributory negligence.

In Moehnke, the plaintiff, a train conductor, brought suit pursuant to the FELA seeking damages for personal injuries he allegedly sustained as a result of a train wreck. The court, in an unpublished decision, found a violation of section 240.305 and concluded, without analysis, that the defendant's "admitted violation of a federal safety statute, embodied in § 240.305(a)(4), bars its use of plaintiff's own contributory negligence as a defense to its liability since this defense is not applicable 'in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee.'" Moehnke, 5:09-cv-1177, Dkt. No. 36 at 9, Record Document 26, Ex. 13 at 9 (citation omitted) (quoting 45 U.S.C. § 53 and also later citing Fresquez).[11]

---

[10] The case did not involve 49 C.F.R. § 240.305. However, the Richardson court did cite, and attempt to distinguish, Bowie.

[11] Bratton also relies extensively upon two maritime cases, Roy Crook & Sons, Inc. v. Allen, 778 F.2d 1037 (5th Cir. 1985) and Kernan v. American

Having considered the arguments of the parties and the caselaw on the matter, this court is persuaded that 49 C.F.R. § 240.305 was not a statute enacted for the safety of employees. The analysis conducted by the Bowie court is complete and on point. As was noted in Bowie, neither the text of the regulation nor the stated purpose leads to the conclusion that the regulation was enacted for the safety of employees. Furthermore, as also noted in Bowie, the Secretary of Transportation has not designated section 240.305 as having been "enacted for the safety of employees."[12]

In addition, this court is in agreement with KCS that any other conclusion would result in absurd consequences. For example, should this court agree with the plaintiff's position, a conductor or engineer could purposefully violate section 240.305 and cause damage to himself without repercussion for his own actions. While the court is cognizant that the FELA was enacted for the protection and safety

---

Dredging Company, 355 U.S. 426, 78 S. Ct. 394 (1957). However, this court does not find these cases instructive as to the specific issue currently before the court.

[12]Bratton attempts to rely upon the legislative history in support of his argument that 49 C.F.R. § 240.305 was enacted for the safety of employees. However, a consideration of the legislative history is unnecessary, as the clear language of the regulation allows the court to reach its conclusion. Even had the court considered the legislative history of the regulation, it would not alter the court's conclusion that the statue was not enacted for the safety of employees. The legislative history simply does not support Bratton's assertion that the statute was enacted for the safety of employees.

of railroad employees, the court is not convinced that it was enacted to provide those employees carte blanche to violate regulations without being held even partially responsible for their own negligence. This is why 45 U.S.C. § 53 specifically states that the statute must be "enacted for the safety of employees" for the exception to general rule of contributory negligence contained in 45 U.S.C. § 51 to apply. This court cannot conclude that 45 C.F.R. § 240.305, a regulation that addresses the qualification and certification of locomotive engineers and that addresses their prohibited conduct, insulates an employee from his own negligence. Nor can this court conceive of the possibility that Congress intended for such a broad exception to the general rule of contributory negligence to apply without so stating. Accordingly, KCS's motion for partial summary judgment is **GRANTED** to the extent it seeks a determination that 49 C.F.R. § 240.305 was not enacted for the safety of employees and KCS may employ the defense of Bratton's contributory negligence.[13]

### C. Bratton's Motion And KCS's Negligence.

In his motion for partial summary judgment, Bratton also seeks a determination by the court that KCS violated 49 C.F.R. § 240.305(a)(2). KCS has admitted that

---

[13] This finding also results in Bratton's motion for partial summary judgment being **DENIED IN PART**, to the extent that it seeks a determination that KCS's violation of 49 C.F.R. 305(a)(2) bars KCS's claim of contributory negligence.

both Bratton and Biggs violated 49 C.F.R. § 240.305. See Record Document 23, Response to Plaintiff's Statement of Uncontested Facts at 18 ("[I]t is admitted that on July 30, 2014, Plaintiff and Mr. Biggs violated 49 C.F.R. § 240.305(a)(2), which resulted in the collision. . . ."). Therefore, Bratton's motion for partial summary judgment is **GRANTED** to the extent it seeks a determination that KCS violated 49 C.F.R. § 240.305.[14]

### III. CONCLUSION.

For the reasons discussed herein, Bratton's motion for partial summary judgment (Record Document 23) is **GRANTED IN PART and DENIED IN PART**. Bratton's motion is **GRANTED** to the extent it seeks a determination that KCS violated 49 C.F.R. § 240.305. Bratton's motion is **DENIED** in all other respects. KCS's motion for partial summary judgment (Record Document 36) is **GRANTED**. The regulation at issue, 49 C.F.R. § 240.305, was not enacted for the safety of employees and KCS may employ the defense of Bratton's contributory negligence. KCS's motion is further **GRANTED** to the extent it seeks summary judgment as to all other alleged violations of other regulations asserted in Bratton's complaints.

---

[14] Bratton also states that the court should determine whether, as a matter of law, "KCS's violation of 49 C.F.R. § 240.305(a)(2) was a cause, even in the slightest, of Mr. Bratton's injury." Record Document 23 at 5-6. Summary judgment is **DENIED** as to this claim.

An order consistent with the terms of this memorandum ruling shall issue herewith.

**THUS DATED AND SIGNED** at Shreveport, Louisiana this 28th day of January, 2015.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE