# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

RODDRICK BRATTON

versus                                       CIVIL ACTION NO. 13-3016
                                               JUDGE DONALD E. WALTER

THE KANSAS CITY SOUTHERN
RAILWAY COMPANY

## MEMORANDUM ORDER

Before the court is a motion in limine filed by the defendant, The Kansas City Southern Railway Company ("KCS"), seeking to exclude "any and all evidence, testimony or argument that either Plaintiff or Christopher Biggs was inadequately or negligently trained or certified as a locomotive engineer" by KCS. See Record Document 68. For the reasons that follow, KCS's motion in limine is **DENIED**.

KCS contends that any claims by the plaintiff, Roddrick Bratton ("Bratton"), under the Federal Employers' Liability Act ("FELA") alleging inadequate or negligent training or certifications of locomotive engineers should be excluded because such claims are precluded by the Federal Railroad Safety Act ("FRSA"). The FELA provides railroad employees with a federal cause of action for injuries "resulting in whole or in part from the negligence" of the railroad. 45 U.S.C. § 51.

The FRSA provides that the "Secretary of Transportation shall prescribe regulations and issue orders to establish a program requiring the licensing or certification . . . of any operator of a locomotive." 49 U.S.C. § 20135(a). In accordance with this mandate, the Secretary of Transportation, through the Federal Railroad Administration ("FRA"), established a program requiring the certification of locomotive engineers by issuing comprehensive regulations which cover the subject of the training and certification of locomotive engineers. See 49 C.F.R. §§ 240.1-240.411. KCS contends that Bratton's FELA claim is precluded because KCS was in compliance with FRSA regulations covering the training and certification of locomotive engineers.

KCS is correct that, in some instances, the FRSA and regulations promulgated thereunder can preclude a FELA claim. Courts have reasoned that certain claims under FELA are precluded by the FRSA and accompanying regulations in order to achieve the FRSA's stated goal that railroad safety laws and regulations be nationally uniform to the extent practicable. In support of its argument that Bratton's FELA claim regarding inadequate training and certification is precluded by the FRSA, KCS cites to various circuit and district court cases which found that the regulations in 49 C.F.R. § 240 cover the subject of training and certification of locomotive engineers and therefore preclude any claim of inadequate training, education, instruction,

2

qualification or certification of locomotive engineers.[1]  KCS thus concludes that if Bratton is unable to prove a violation of the regulations in 49 C.F.R. § 240 with respect to the training and certification of a locomotive engineer, his claims for negligent training and certification are precluded as a matter of law.

The court finds that Bratton's claims for negligent training and certification are not precluded by the FRSA.  Neither the plain text of the FRSA nor its goal of national uniformity result in the preclusion of claims under FELA for negligent training and certification of a locomotive engineer.  Indeed, the text of the FRSA and the purposes of both the FRSA and the FELA require the conclusion that the FELA claims in this case are not precluded.  The FRSA does contain an express preemption provision, but that provision addresses only state laws, regulations and lawsuits.  By its own terms, the FRSA's preemption provision applies to state laws and not to FELA or any other federal law.

The recent Supreme Court case of POM Wonderful LLC v. Coca-Cola Company, 134 S. Ct. 2228 (2014) further supports this conclusion.  In POM Wonderful, the Supreme Court rejected the argument that the goal of uniformity

---

[1] These include cases from the 9th Circuit, the 7th Circuit, the Northern District of California, the Northern District of Indiana, two cases from the Northern District of Illinois, the Southern District of Indiana, and the Northern District of Indiana.

provided through labeling requirements under the Federal Food, Drug and Cosmetic Act precluded suits alleging unfair competition based on misleading lables under the Lanham Act ("Congress not infrequently permits a certain amount of variability by authorizing a federal cause of action even in areas of law where national uniformity is important."). POM Wonderful, 134 S. Ct. at 2239-40.

The FRSA seeks to enhance safety in "every area of railroad operations" and has a goal of protecting both the public and railroad workers. 49 U.S.C. § 20101. The FELA, however, focuses on the safety of railroad workers. This court agrees with the well-reasoned analysis contained in the opinion of Madden v. Anton Antonov & AV Transportation, Inc. from the Nebraska district court wherein it stated that:

> [a]llowing FELA claims to continue is a mixed bag from the perspective of FRSA–it will further safety but at some expense to uniformity. On the other hand, the purpose of FELA is solely to promote the safety of railroad workers, and allowing FRSA to preclude FELA claims would work unmitigated harm on that purpose, by leaving injured workers with no recourse against their employer and insulating broad categories of potentially negligent conduct from any accountability.
> That cannot be the effect that Congress intended–certainly not when FRSA contains no mention, whatsoever, of its effect on FELA. When Congress enacted FRSA in 1970, FELA had been in existence for approximately 60 years. . . . The absence of any provision in FRSA addressing its effect on FELA is significant, given

> that history, and the fact that the statutes have now existed together for 45 years. If Congress had concluded, in light of experience, that FELA suits would interfere with the operation of FRSA, Congress certainly could have enacted a provision addressing the issue during these statutes' 45 years of co-existence. POM Wonderful, 134 S. Ct. at 2237.

Madden, 4:12-cv-03090, Doc. 263 (D. Neb. Feb. 17, 2015). KCS may have been in compliance with federal regulations regarding certification and training of locomotive engineers, but if it nonetheless falls below the standard of care expected of a reasonable person, it may be liable under the FELA for resulting harm. This court finds that the FRSA does not preclude Bratton's claims under the FELA for negligent certification and training of locomotive engineers.

**THUS DATED AND SIGNED** at Shreveport, Louisiana this 20 day of February, 2015.

_____
JUDGE DONALD E. WALTER